IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Fay E. Willis, et al., | Case No. 3:08 CV 295 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jeffery Michael Wallace, et al., | |
| Defendants. | |

This diversity case arose from a motor vehicle accident in Michigan between an Ohio resident and a Michigan resident. Before the Court is Defendant Hertz Corporation's Motion for Summary Judgment (Doc. No. 31). Plaintiffs filed an Opposition (Doc. No. 42), and Defendant filed a Reply (Doc. No. 43). Defendant contends Plaintiffs' claims are barred by Michigan's one-year statute of limitations for no-fault insurance claims.

For the reasons stated below, Defendant's Motion for Summary Judgment is granted.

### BACKGROUND

Plaintiffs were involved in a motor vehicle accident on Interstate 75 in Monroe County, Michigan on February 6, 2005. Plaintiff Fay Willis was driving a car she had rented from Hertz at its rental site in Sylvania, Ohio. Fay did not own a car at the time of the accident. Plaintiffs Dorothy Willis and Terrell Willis were passengers in the rental car. Plaintiffs, all Ohio residents, were struck by a vehicle driven by Jeffery Wallace, a Michigan resident, as he attempted to change lanes.

On February 7, 2005, Fay called Hertz's Ohio office and informed a Hertz representative of the accident. According to Fay, the Hertz representative said "they would take care of it" (Fay Dep., p. 85). Fay acknowledged this statement meant Hertz would take care of the damaged rental car (*id.* at pp. 86-87). Hertz later sent Fay, at her request, a copy of the rental agreement and photos of the damaged car.

Hertz is a self-insurer registered with the State of Michigan for purposes of Michigan's no-fault laws. Fay had the option to select from a number of insurance packages Hertz offers on its rental agreement. Fay accepted "Loss Damage Waiver" coverage[1] (Ex. 2, p. 1). Fay declined to purchase "Partial Damage Waiver," "Liability Insurance Supplement," and "Personal Accident Insurance & Personal Effects Coverage" (*id.*). Section 10 of the rental agreement addresses liability protection (*id.* at p. 7).

Plaintiffs filed suit in this Court on February 6, 2008 against Wallace and his insurance carrier, State Farm (Doc. No. 1). Plaintiffs then filed an Amended Complaint (Doc. No. 13) on May 1, 2008, adding Defendant Hertz.

In their Amended Complaint, Plaintiffs claim that under Michigan's no-fault insurance laws, Hertz is obligated to provide and pay their personal injury protection ("PIP") benefits, including medical bills, lost wages, and applicable expenses (Amend. Compl. ¶¶ 18-22). In its Motion for Summary Judgment, Hertz argues Plaintiffs' claims for PIP benefits are time-barred.[2]

---

[1] The rental agreement briefly explains the Loss Damage Waiver as follows: "If you have accepted the optional loss damage waiver ("LDW"), which is not insurance, Hertz will not hold you responsible for loss of or damage to the car except as described in subparagraph 4(e)" (Ex. 2, p. 3).

[2] Hertz has not argued it is not Plaintiffs' PIP insurer under Michigan's no-fault laws in its briefing. Therefore, the Court assumes Hertz is obligated to provide PIP benefits if Plaintiffs' claims are not time-barred.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (*citing 60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).

**ANALYSIS**

**Choice of Law**

Plaintiffs make two arguments with respect to choice of law: (1) Hertz is their no-fault insurance provider under Michigan law and is therefore obligated to pay PIP benefits; and (2) because Fay rented the car in Ohio, Ohio's 15-year statute of limitations for breach of contract applies to determine whether Plaintiffs are time-barred from filing suit to obtain PIP benefits. As will be discussed more thoroughly below, Michigan's statute of limitations for filing a claim for PIP benefits is generally one year.

From the start of this case, Plaintiffs acknowledged that Michigan law governs (*see* Amend. Compl. ¶¶ 15, 20 & 23 ). A federal court sitting in diversity must apply the choice of law rules of the forum state. *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000). In *Morgan v. Biro Mfg. Co.*, 15 Ohio St. 3d 474 (1984), the Ohio Supreme Court outlined its choice of law principles with respect to tort actions. Ohio generally follows the doctrine of *lex loci delicti*, whereby the law of the place of the injury controls, absent a showing that another jurisdiction has a more significant relationship to the lawsuit. *Id.* at 342 (*citing* Restatement of Law 2d, Conflict of Laws § 146 (1971)). Indeed, Ohio courts consistently apply Michigan's no-fault laws under similar circumstances. *See Kurent v. Farmers Ins. of Columbus*, 62 Ohio St. 3d 242, syllabus (1991) ("When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws."); *Levario v. Motorists Mut. Ins. Co.*, 109 Ohio App. 3d 451 (1996); *Cincinnati Ins. Co. v. Leeper*, No. L-97-1265, 1998 WL 123108 (Ohio App. 6th Dist. Mar. 13, 1998).

4

Plaintiffs' argument fails because it is logically inconsistent. They argue that they are entitled to procure PIP benefits from Hertz under Michigan's no-fault law, but that in applying Michigan's no-fault law, this Court must adopt Ohio's statute of limitations for breach of contract. Plaintiffs cannot amalgamate the laws of different states to create a legal construction most beneficial to them. They cannot seek a benefit provided under Michigan law and simultaneously ask Ohio's statute of limitations to run on that benefit.

Plaintiffs are seeking PIP benefits (an insurance benefit created by Michigan law). They are not seeking underinsured or uninsured coverage from an insurance contract or asking the Court to interpret the terms of an insurance contract. *See Miller v. State Farm Mut. Auto Ins. Co.*, 87 F.3d 822, 825 (6th Cir. 1996) (holding that a dispute between insured and insurer over underinsured motorist coverage was a contract dispute, such that under Ohio choice of law rules, the law of the place of the contract's delivery controlled). Therefore, Michigan's statute of limitations applies here.

**Statute of Limitations: Notice**

Michigan's no-fault insurance statute contains a statute of limitations for claiming PIP benefits. The relevant section provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

M.C.L. § 500.3145(1). Thus, an action for PIP benefits must be commenced within a year of the accident unless the insured gives adequate written notice of injury or previously received PIP benefits from the insurer. If notice was given or payment was made, the action can be commenced within one year of the most recent loss. Recovery, however, is limited to losses incurred during the year before the filing of the action. *Cameron v. Auto Club Ins. Ass'n*, 476 Mich. 55, 61 (2006).

Here, Plaintiffs argue they provided adequate notice to Defendant when Fay called the Ohio Hertz office the day after the accident and informed a Hertz representative of the accident. Plaintiffs also point to the accident report from the Michigan State Police, that Defendant obtained for its own records, as evidence of sufficient notice. Defendant argues this is inadequate notice under Michigan law.

The decision in *Heikkinen v. Aetna Cas. & Surety Co.*, 124 Mich. App. 459 (1980) is instructive here. In that case, plaintiff, a widower, commenced a lawsuit for PIP benefits on behalf of her husband's estate more than one year after her husband died in an automobile accident. The court of appeals summarized the relevant facts as follows:

> At the time of death Mr. and Mrs. Heikkinen were insured by Aetna Casualty & Surety Company. The policy of insurance was obtained through the Gilmore Insurance Agency, which is owned and operated by Mr. Charles Gilmore. Through this agency Mr. Gilmore acts as an agent for Aetna. In addition to his work as an insurance agent, Mr. Gilmore prepares income tax returns.
>
> Mrs. Heikkinen testified that sometime during the months following her husband's death she called Mr. Gilmore and informed him of the death. Her purpose in doing so was to eliminate the insurance on the car Mr. Heikkinen had driven and to place the auto insurance on her other car in her name only.
>
> In early 1977, Mr. Gilmore prepared Mrs. Heikkinen's income tax return. Mr. Gilmore testified that he would have been required to attach a death certificate to the tax return. Mrs. Heikkinen testified that she gave Mr. Gilmore a copy of the death certificate at this time. Both Mr. Gilmore and Mrs. Heikkinen testified that the

6

> insurance policy was not discussed during the preparation of the tax return. In fact, Mrs. Heikkinen was not aware that she might be entitled to benefits under the policy.
>
> No other notice of a claim for benefits was given to Mr. Gilmore or Aetna.

*Id.* at 461. The *Heikkinen* court held that plaintiff was barred by the one-year statute of limitations because she failed to provide adequate notice. The court concluded that while plaintiff complied with the contents requirements for notice (because the death certificate contained the claimant's name and address, the name of the person injured, and the time, place, and nature of the injury), the death certificate nonetheless was inadequate notice because "it was not presented [] under circumstances indicating that a claim in connection with the death might be asserted." *Id.* at 464. Plaintiff did not indicate she was asserting a claim at the time of the telephone call or at the time the death certificate was presented for purposes of preparing the tax return. "Under these circumstances, Mr. Gilmore was not apprised of the need to investigate and appropriate funds nor of the need to inform Aetna to do so." *Id.*

Many parallels can be drawn between the facts in *Heikkinen* and the instant case. Fay called a Hertz representative to inform them of the accident. She did not inform the representative she intended to file a claim for injuries, and she did not write to Hertz as required by M.C.L. § 500.3145(1). Similarly, the accident report obtained by Hertz for property insurance purposes in no way alerted Hertz that Plaintiffs intended to file claims for PIP benefits. "Notice encompasses something more than words typed on a piece of paper. The words should be presented in a form, or under circumstances, designed to in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund." *Id.* at 464.

7

Because Plaintiffs failed to file suit against Hertz, or provide adequate written notice within one year of the accident, Plaintiffs' suit against Hertz for PIP benefits is time-barred under M.C.L. § 500.3145(1).

## CONCLUSION

For the above reasons, the Court finds Plaintiffs failed to file the instant suit within the applicable statute of limitations.  Therefore, the Court grants Defendant Hertz's Motion for Summary Judgment.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 5, 2009